**Nate McConnell**
**MCCONNELL LAW OFFICES, PLLC**
712 Howell St.
Missoula, MT 59802
Phone: 406-214-2445
Email: nate@natemcconnelllaw.com

**Matthew S. Parmet**
TX Bar # 24069719
(*seeking admission pro hac vice*)
**Justin Vineyard**
TX Bar # 24130854
(*seeking admission pro hac vice*)
**PARMET PC**
2 Greenway Plaza, Ste. 250
Houston, TX 77046
phone  713 999 5200
matt@parmet.law
justin@parmet.law

**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
### BUTTE DIVISION

| ARRI LUND, each individually and on behalf of all others similarly situated, | Case No. CV-24-192-BU-JTJ |
|---|---|
|  | FLSA Collective Action |
|  | Fed. R. Civ. P. 23 Class Action |
| v. |  |
| WILLIAMS PLUMBING, HEATING & UTILITIES, INC. |  |
|  | Jury Trial Demanded |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Arri Lund brings this lawsuit to recover unpaid overtime wages and other damages owed by Williams Plumbing, Heating & Utilities, Inc. ("Williams Plumbing").

2. Lund worked for Williams Plumbing on an hourly basis.

3. Williams Plumbing also paid Lund additional compensation, including what Williams Plumbing called an "hourly per diem."

4. When calculating Lund's regular rate of pay for determining his overtime rate, Williams Plumbing did not include this additional compensation.

5. This means that Lund's overtime hours, when paid, were at an artificially low rate.

6. Williams Plumbing's policy of excluding the per diems from Lund's regular rate violates the FLSA.

7. In addition to Williams Plumbing's artificially low rates, it simply didn't pay overtime for certain hours worked by Lund over 40 each week.

8. More specifically, Williams Plumbing did not pay Lund and workers like him, for the significant time Lund and these other workers would spend traveling between Williams Plumbing's jobsites.

9. Williams Plumbing applied these same pay practices to many other workers like Lund.

10. Williams Plumbing's failure to pay Lund and workers like him their overtime wages violates the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*

11. Williams Plumbing's failure to pay overtime wages to its workers in Montana violates the Montana Wage Payment Act (MWPA), MONT. CODE ANN. § 39-3-201 *et seq.*

12. This collective and class action seeks to recover the unpaid wages and other damages owed to Lund and other hourly workers at Williams Plumbing.

**JURISDICTION AND VENUE**

13. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

14. The Court has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Williams Plumbing's principal place of business is in this District.

**PARTIES**

16. **Plaintiff Arri Lund** is a natural person.

17. Lund worked for Williams Plumbing from September 2023 to June 2024.

18. Lund was, at all relevant times, an employee of Williams Plumbing.

19. Lund worked for Williams Plumbing in Montana.

20. Lund seeks to represent a collective of similarly situated persons under 29 U.S.C. § 216(b) (the "FLSA Collective"). The FLSA Collective is defined as:

> **All current and former employees of Williams Plumbing, Heating & Utilities, Inc. who worked in the United States and were paid by the hour but were not paid 1.5x their regular hourly rate (including adjustments for "per diems" and/or "hourly per diems") or who were not paid overtime for drive time, from three years prior to the date suit was filed, until the entry of judgment.**

21. Lund seeks to represent a class of similarly situated persons under Montana law pursuant to Federal Rule of Civil Procedure 23 (the "Montana Class"). The Montana Class is defined as:

> **All current and former employees of Williams Plumbing, Heating & Utilities, Inc. who worked in Montana and were paid by the hour but were not paid 1.5x their regular hourly rate (including adjustments for "per diems" and/or "hourly**

**per diems") or who were not paid overtime for drive time, from three years prior to the date suit was filed, until the entry of judgment.**

22. Throughout this Complaint, the FLSA Collective and Montana Class members are also referred to jointly as the "Similarly Situated Workers."

23. **Defendant Williams Plumbing, Heating & Utilities, Inc. ("Williams Plumbing")** is a domestic corporation.

24. Williams Plumbing may be served upon its registered agent, **Cassie R. Dellwo, Five Valleys Law PLLC, 1410 S. Reserve St., Ste. C, Missoula, MT 59801**, or by any other method allowed by law.

### COVERAGE UNDER THE FLSA

25. At all relevant times, Williams Plumbing was an employer of Lund within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

26. At all relevant times, Williams Plumbing was an employer of the FLSA Collective members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

27. At all relevant times, Williams Plumbing has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

28. During at least the last three years, Williams Plumbing has had gross annual sales in excess of $500,000.

29. During at least the last three years, Williams Plumbing was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

30. During at least the last three years, Williams Plumbing has employed many workers, including Lund and the FLSA Collective members, who are engaged in commerce

or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

31. Williams Plumbing employs many workers, including Lund and the FLSA Collective members, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

32. The goods and materials handled, sold, or otherwise worked on by Lund and other Williams Plumbing employees and that have been moved in interstate commerce include, but are not limited to, plumbing supplies and equipment.

### FACTS

33. Williams Plumbing is a plumbing, civil construction, and HVAC company. Williams Plumbing, https://willplumb.com (last visited Oct. 30, 2024).

34. Lund was an hourly employee of Williams Plumbing.

35. Lund reported the hours he worked to Williams Plumbing on a regular basis.

36. Lund's hours are reflected in Williams Plumbing's records.

37. Williams Plumbing did not pay Lund a salary.

38. Williams Plumbing did not pay Lund on a fee basis.

39. Williams Plumbing paid Lund by the hour.

40. Williams Plumbing also paid Lund additional compensation, including per diems.

41. Williams Plumbing paid Lund one or more per diems.

42. Lund normally worked more than 40 hours in a week.

43. Williams Plumbing also paid Lund a per diem, at least in part, on an hourly basis.

44. The "per diem" Williams Plumbing paid Lund on an hourly basis is a so-called "hourly per diem."

45. This "hourly per diem" was paid for each hour that Lund worked.

46. The amount Lund was paid for his "hourly per diem" was based solely on the number of hours Lund worked.

47. The total "hourly per diem" Lund was paid was based upon the number of hours Lund worked.

48. The "hourly per diem" was not based on, or related to, Lund's reimbursable expenses.

49. But Williams Plumbing did not factor this "hourly per diem" into Lund's regular rate for the purposes of calculating Lund's overtime rate.

50. So when Williams Plumbing did pay Lund overtime, Williams Plumbing would base that overtime rate only on Lund's regular hourly pay without regard to the "hourly per diem."

51. Under the FLSA, Williams Plumbing was required to include this "hourly per diem" in calculating Lund's overtime pay.

52. As a result, when he was paid overtime, Lund paid based only on his base hourly rate, rather than his full "regular rate" as required by the FLSA.

53. Williams Plumbing did not include the "hourly per diem," or any other additional compensation, in the regular rate of pay for the purposes of determining the overtime rate for Lund or the Putative Class Members.

54. These per diems were not discretionary.

55. The per diems were not excludable from the regular rate of pay.

56. When he worked more than 40 hours in a week, Williams Plumbing did not pay Lund at 1.5x his regular rate for his overtime hours.

57. And there were other overtime hours for which Williams Plumbing didn't pay Lund at all.

58. Lund would typically start his day at Williams Plumbing's office, where he was required to gather additional personnel and where he would prepare for the day before traveling to a designated jobsite.

59. This travel was over public highways and roads.

60. The vehicles Lund would operate for Williams Plumbing weighed 10,000 pounds or less.

61. The vehicles Lund would operate for Williams Plumbing had a gross vehicle weight rating of 10,000 pounds or less.

62. The Williams Plumbing vehicles utilized by Similarly Situated Workers were the same size and weight as the one used by Lund.

63. Lund would travel about one to two hours from the yard to the jobsite.

64. Lund would also have to ready his Williams Plumbing vehicle, and gather and prepare any other equipment needed for each day's work.

65. The work and preparation at the yard was integral and indispensable to his principal activities for which Williams Plumbing employed him.

66. After completing his work at the jobsite, Lund would then travel about the same distance and time back to Williams Plumbing's yard.

67. Lund would thus have to drive nearly two hours, or more, each way, on every day he worked.

68. Lund would have to drive around two to four hours, or more, on every day he worked.

69. For all of this travel, Lund operated Williams Plumbing's company vehicles.

70. But Lund was not paid for all of this drive time.

71. Lund was not paid for drive time until he passed a designated traffic light traveling to and from the Williams Plumbing office.

72. This designated traffic light was approximately 50 minutes to one hour into the drive to and from Lund's jobsite.

73. As a result, Lund and the Similarly Situated Workers were not paid for approximately 100 minutes to two hours of work each day.

74. In all, Williams Plumbing did not pay drive time for significant portions of the time Lund spent traveling between Williams Plumbing's office and his jobsites.

75. All the drive time was integral and indispensable to Lund's principal activities for Williams Plumbing.

76. The drive time after passing the traffic light was just as integral and indispensable to Lund's principal activities for Williams Plumbing as the drive time before passing the traffic light.

77. All the drive time within a trip between Williams Plumbing's office and Lund's jobsite was equally integral and indispensable to Lund's principal activities for Williams Plumbing.

78. All the drive time was therefore compensable.

79. As part of his driving for Williams Plumbing, Lund did not cross state lines.

80. Numerous other Williams Plumbing workers, including the Similarly Situated Workers, also had hours excluded from their overtime pay due to drive time, similar to Lund.

81. Williams Plumbing was well aware of the overtime requirements of the FLSA.

82. Williams Plumbing nonetheless failed to pay proper overtime to certain hourly employees, such as Lund.

83. Williams Plumbing knew, or showed reckless disregard for whether, its policy of not calculating and paying overtime at the full, regular hourly rate violated the FLSA.

84. Williams Plumbing's failure to pay full overtime to these hourly workers was, and is, a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

85. The illegal pay practices Williams Plumbing imposed on Lund were likewise imposed on the FLSA Collective members.

86. The illegal pay practices Williams Plumbing imposed on Lund were likewise imposed on the FLSA Collective members.

87. Lund employs many other workers who worked over 40 hours per week and were subject to Williams Plumbing's same pattern, practice, and policy of failing to pay overtime at 1.5x the workers' regular rates of pay.

88. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

89. Based on his experience and tenure with Williams Plumbing, Lund is aware that Williams Plumbing's illegal practices were imposed on the FLSA Collective members.

90. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

91. Williams Plumbing's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the FLSA Collective members.

92. These employees are victims of Williams Plumbing's unlawful compensation practices and are similarly situated to Lund within the meaning of the FLSA.

93. The workers impacted by Williams Plumbing's unlawful compensation scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

### CLASS ACTION ALLEGATIONS—MONTANA LAW

94. The illegal practices Williams Plumbing imposed on Lund were likewise imposed on the Montana Class members.

95. Numerous other individuals who worked for Williams Plumbing in Montana were not properly compensated for all hours worked, as required by Montana law.

96. The Montana Class is so numerous that joinder of all members of the class is impracticable.

97. Williams Plumbing imposed uniform practices and policies on Lund and the Montana Class members regardless of any individualized factors.

98. Based on his experience and tenure with Williams Plumbing, Lund is aware that Williams Plumbing's illegal practices were imposed on the Montana Class members.

99. Montana Class members were all not paid on time, if at all, for all their wages, including overtime when they worked in excess of 40 hours per week.

100. Williams Plumbing's failure to pay wages and overtime compensation in accordance with Montana law results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Montana Class Members.

101. Williams Plumbing's failure to pay overtime compensation results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Montana Class Members.

102. Lund's experiences are therefore typical of the experiences of the Montana Class members.

103. Lund has no interest contrary to, or in conflict with, the members of the Montana Class. Like each member of the proposed class, Lund has an interest in obtaining the unpaid wages and other damages owed under the law.

104. A class action, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

105. Absent this action, many Montana Class members likely will not obtain redress of their injuries and Williams Plumbing will reap the unjust benefits of violating Montana law.

106. Furthermore, even if some of the Montana Class members could afford individual litigation against Williams Plumbing, it would be unduly burdensome to the judicial system.

107. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

108. The questions of law and fact common to each of the Montana Class members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

(a) Whether the Montana Class members were not paid overtime at 1.5 times their regular rate of pay for all hours worked in excess of 40 in a workweek;

(b) Whether Williams Plumbing's failure to pay overtime at the rates required by law violated the MWPA; and

(c) Whether Williams Plumbing engaged in repeated violations of the MWPA.

109. Lund's claims are typical of the Montana Class members. Lund and the Montana Class members have all sustained damages arising out of Williams Plumbing's illegal and uniform employment policies.

110. Lund knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class action.

111. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class action treatment.

### FIRST CAUSE OF ACTION–VIOLATIONS OF THE FLSA AS TO LUND AND THE FLSA COLLECTIVE

112. Lund incorporates each allegation in paragraphs 1 through 72.

113. By failing to pay Lund and the FLSA Collective members overtime at 1.5 times their regular rates for hours worked over 40, Williams Plumbing violated the FLSA. 29 U.S.C. § 207(a).

114. Williams Plumbing owes Lund and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

115. Williams Plumbing owes Lund and the FLSA Collective members the difference between the rate actually paid for overtime, if any, and the proper overtime rate.

116. Williams Plumbing knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay overtime compensation to Lund and the FLSA Collective members.

117. Because Williams Plumbing knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Williams Plumbing owes these wages for at least the past three years.

118. Williams Plumbing's failure to pay overtime compensation to these FLSA Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

119. Because Williams Plumbing's decision not to pay overtime was not made in good faith, Williams Plumbing also owes Lund and the FLSA Collective members an amount equal to the unpaid overtime wages as liquidated damages.

120. Lund and the FLSA Collective members are entitled to their unpaid wages under the FLSA, including overtime wages in an amount equal to 1.5x their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

### SECOND CAUSE OF ACTION—VIOLATIONS OF THE MWPA AS TO LUND AND THE MONTANA CLASS

121. Lund incorporates each allegation in paragraphs 1 through 72.

122. The conduct alleged in this Complaint violates the MWPA, MONT. CODE ANN. § 39-3-201 *et seq.*

123. At all relevant times, Williams Plumbing has been an "employer" within the meaning of the MWPA. MONT. CODE ANN. § 39-3-201(5).

124. At all relevant times, Williams Plumbing employed Lund and the other Montana Class members as "employees" within the meaning of the MWPA. MONT. CODE ANN. § 39-3-402(3).

125. The MWPA requires an employer like Williams Plumbing to pay overtime to all non-exempt employees. MONT. CODE ANN. § 39-3-405(1).

126. Lund and the other Montana Class members are non-exempt employees who are entitled to be paid overtime for all hours worked over 40 in a workweek at a rate of no less than 1.5x their regular rate. MONT. CODE ANN. § 39-3-405(1).

127. Within the applicable limitations period, Williams Plumbing had a policy and practice of failing to pay proper overtime to the Montana Class members for their hours worked in excess of 40 hours per week.

128. As a result of Williams Plumbing's failure to pay proper overtime to Lund and the Montana Class members for work performed in excess of 40 hours in a workweek at the time the payments were due, Williams Plumbing violated the MWPA.

129. Williams Plumbing's acts and omissions constitute repeated violations of the MWPA.

130. Lund and the Montana Class members are entitled to recover their unpaid wages, penalties, attorneys' fees, costs, and all other legal and equitable relief provided under the MWPA. MONT. CODE ANN. §§ 39-3-206, 39-3-214.

**RELIEF SOUGHT**

Lund prays for judgment against Williams Plumbing as follows:

    a.    For an order certifying a collective action for the FLSA claims;

    b.    For an order certifying a class action for the Montana law claims;

    c.    For an order finding Williams Plumbing liable for violations of federal wage laws with respect to Lund and the FLSA Collective members;

    d.    For a judgment awarding all unpaid wages, liquidated damages, and penalties under federal wage laws to Lund and the FLSA Collective members;

    e.    For a judgment awarding all unpaid wages, liquidated damages, and penalties under Montana wage laws to Lund and the Montana Class members;

    f.    For a judgment awarding attorneys' fees to Lund, the FLSA Collective members, and the Montana Class members;

    g.    For a judgment awarding costs of this action to Lund, the FLSA Collective members, and the Montana Class members;

    h.    For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Lund, the FLSA Collective members, and the Montana Class members; and

    b.    For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Nate McConnell*
By: _____
**Nate McConnell**
**MCCONNELL LAW OFFICES, PLLC**
712 Howell St.
Missoula, MT 59802
Phone: 406-214-2445
Email: nate@natemcconnelllaw.com

**Matthew S. Parmet**
TX Bar # 24069719
(*seeking admission pro hac vice*)
**Justin Vineyard**
TX Bar # 24130854
(*seeking admission pro hac vice*)
**PARMET PC**
2 Greenway Plaza, Ste. 250
Houston, TX 77046
phone  713 999 5200
matt@parmet.law
justin@parmet.law

**Attorneys for Plaintiff**

### JURY DEMAND

Plaintiff demands a trial by jury on all issues.

*/s/ Nate McConnell*
_____
**Nate McConnell**

- 16 -